F I L E D
United States Court of Appeals
Tenth Circuit

AUG 19 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ISABEL DURAN KAUFMAN,

      Plaintiff-Appellant,

v.

BDM TECHNOLOGIES INC.;
BDM INTERNATIONAL INC.,

      Defendants-Appellees.

No. 97-2336
(D.C. No. CIV 96-0936 JC/LCS)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Isabel Duran Kaufman, proceeding pro se, appeals the district court's order granting defendants' motion for summary judgment on her employment discrimination claims filed pursuant to Title VII, 42 U.S.C. §§ 2000e through 2000e-17, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 through 634, and the Equal Pay Act, 29 U.S.C. § 206(d). Our jurisdiction arises from 28 U.S.C. § 1291, and we affirm.

In April 1994, defendants hired plaintiff, a Hispanic woman over age 40, as a computer operator. She was discharged in January 1996, following a course of progressive discipline for failure to perform her job duties. During her employment, plaintiff filed three formal complaints of employment discrimination. Her arguments on appeal are based on her allegations that she was paid less than a non-Hispanic male doing the same work and that defendants retaliated against her for complaining about the wage disparity.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., No. 97-5179, 1998 WL 384608, at *1 (10th Cir. July 10, 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v.Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (c). "The court does not weigh the evidence, but instead determines whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Jeffries v. Kansas Dep't of Soc. & Rehabilitation Servs., No. 96-3381 1998 WL 318533, at * 6 (10th Cir. June 17, 1998) (further quotation omitted). An employment discrimination plaintiff

> must first establish a prima facie case of discrimination. Once this is done, the employer must offer a facially nondiscriminatory reason for its employment decision. At the summary judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual – i.e. unworthy of belief. If the plaintiff succeeds in showing a prima facie case and presents evidence that the defendant's proffered reason for the employment decision was pretextual – i.e. unworthy of belief, the plaintiff can withstand a summary judgment motion and is entitled to go to trial.

Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995) (citations and footnotes omitted).

In this case, we assume, as did the district court, that plaintiff established a prima facie case on her Title VII race and sex discrimination claim. Defendants have proffered a nondiscriminatory reason for terminating her employment, i.e., her deficient job performance, documented by seven written warnings, two formal performance evaluations showing need for improvement, placement on a performance improvement plan, and a significant incident report. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a

reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997) (quotations omitted). Plaintiff contends that defendants' reasons for discharging her were unworthy of belief as demonstrated by evidence that she performed the same job as John Gusich, a non-Hispanic male, who was paid more than she and who was not discharged.

Defendants produced an affidavit from Gary Mizell, Manager of Computer Operations, stating that Mr. Gusich was at a higher pay level than plaintiff based on his greater experience and additional job duties as a computer operator coordinator. Although plaintiff points to evidence suggesting that Mr. Gusich was initially hired for a position similar to hers as a computer operator, this evidence is insufficient to refute Mr. Mizell's affidavit, particularly in light of plaintiff's admission that additional duties of which she was unaware could have been assigned to Mr. Gusich in his capacity as computer operator coordinator. See I R. doc. 54, ex. 6 (excerpt from plaintiff's deposition). Plaintiff has not produced evidence of any employee with a job performance record similar to hers who was not discharged. See Morgan, 108 F.3d at 1324 (plaintiff did not show that similarly situated employees not in protected group were treated differently than she); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986)

(party who must carry burden of proof must produce evidence sufficient to support jury finding in her favor).  Therefore, plaintiff has not demonstrated that defendants' reason for terminating her employment was a pretext for discrimination.

Plaintiff next argues that defendants retaliated against her for filing three formal discrimination complaints.  A prima facie case of retaliation for engaging in a protected activity such as filing a discrimination complaint requires a showing that the plaintiff engaged in a protected activity, that adverse action was subsequently taken against her, and that there was a causal connection "between the employee's activity and the employer's adverse action." Conner v. Schnuck Mkts., Inc., 121 F.3d 1390, 1394 (10th Cir. 1997).  "[T]he causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Id. at 1395 (further quotation omitted).

Plaintiff maintains that the adverse employment action of termination on January 22, 1996 closely followed the date she filed her third complaint on October 11, 1995.  A period of three months between the protected activity and adverse action is, standing alone, insufficient to create an inference of causation. See Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997).  Therefore, plaintiff must produce "additional evidence beyond mere temporal proximity to

establish causation." Conner, 121 F.3d at 1395. Plaintiff has not produced any additional evidence to support her retaliation claim. Therefore, summary judgment on this claim was correct.

Finally, plaintiff complains that the district court's summary judgment order did not discuss her age discrimination and Equal Pay Act claims. Plaintiff did not support those claims with arguments and authority on appeal. Therefore, we do not consider them. See American Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992) (statement in party's brief that district court erred "without advancing reasoned argument as to the grounds for the appeal" is insufficient).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel<br>Circuit Judge